THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* MURRAY M. GASSMAN, MYER KAUFMAN, WILLIAM PUCCIARELLI, MAX ROSENTHAL, LARRY MENDELSOHN, MAX KLEITZEL, FRANK GOLDBERG, JIMMY MESSINA, MIKE STERN, PHILIP MOSS, HERMAN RHEINGOLD, DAVID ELKIN, LOUIS GOLDBERG and SAMUEL HAKER, Respondents.

First Department, November 17, 1944.

*William F. McNulty, Assistant Attorney-General* of counsel (*Orrin G. Judd, Solicitor-General; John P. Powers* and *Vincent A. Marsicano, Assistant Attorneys-General* with him on the brief; *Nathaniel L. Goldstein, Attorney-General*), for appellant.

*Joseph M. Proskauer* of counsel (*Robert Szold, J. Alvin Van Bergh, Irvine J. Shubert* and *Irving Michael Atkin* with him on the brief; *Koenig & Bachner,* attorneys), for respondents.

Order affirmed.

UNTERMYER, J. (dissenting). Conflicting inferences can, I think, be drawn from the record concerning the true relationship between the bulk laundries and at least a part of the membership of Local 324. This applies with special force to those members of that union who, with their own capital, operate laundry shops furnished with their own equipment on premises leased by them with employees whom they hire and whose wages they pay. The Grand Jury could find that such persons are not subject to the control of their alleged employers — the bulk laundries — and occupy the position of independent business men or entrepreneurs rather than of persons exercising the functions of employees even though their compensation consists of a share of their charge to the public.

If the organization of these laundry shopkeepers violates the Donnelly Act (General Business Law, § 340) then it cannot be justified as a proper union objective on the theory that it may be of advantage to the " inside workers " who are associated in Local 300. For, if Local 300 may unionize these laundry shopkeepers there is no reason why the shopkeepers may not unionize themselves exempt from the salutory restrictions of the Donnelly Act applicable to all persons who engage in trade. This would permit persons in many other occupations who employ a combination of their capital and labor to organize into associations for the purpose of creating monopoly by the suppression of competition. Such organizations are trade associations not entitled to the special immunity accorded to bona fide labor unions by the Donnelly Act.

The order should be reversed and the motion denied.

TOWNLEY, GLENNON and DORE, JJ., concur in decision; UNTERMYER, J., dissents in opinion in which MARTIN, P. J., concurs.

Order affirmed. No opinion.